UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Murray D. Levin,<br><br>*Debtor*. | Case No. 25-11829-DJB<br>Chapter 7 |

**MOTION OF THE DEBTOR FOR ENTRY
OF AN ORDER COMPELLING THE CHAPTER 7 TRUSTEE
TO ABANDON CERTAIN ESTATE ASSETS PURSUANT TO 11 U.S.C. § 554(b)**

The above-captioned debtor, Murray D. Levin, (the "Debtor"), by and through his counsel, Cibik Law, P.C., hereby moves this Honorable Court for the entry of an Order pursuant to 11 U.S.C. § 554(b) compelling the Chapter 7 trustee to abandon certain property interests of the bankruptcy estate (the "Motion") and, in support thereof, respectfully avers as follows:

**JURISDICTION AND VENUE**

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(1), and 1334(b) and (e).

2. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

4. The statutory predicate for the relief requested herein is 11 U.S.C. §§ 105(a) and 554(b), and Rule 6007(b) of the Federal Rules of Bankruptcy Procedure.

**PROCEDURAL HISTORY**

5. On May 8, 2025 (the "Petition Date"), the Debtor filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court

for the Eastern District of Pennsylvania.

6. On that same date, Lynn E. Feldman (the "Trustee") was appointed as Chapter 7 trustee to administer the bankruptcy estate as required by 11 U.S.C. § 701(a)(1), and is so acting.

7. On May 8, 2025, the Debtor filed with the Bankruptcy Court the Schedules, Statements and other documents required under 11 U.S.C. § 521(a)(1) and Rule 1007(b) of the Federal Rules of Bankruptcy Procedure. Various Schedules have since been amended, some multiple times. A review of the current Amended Schedule A/B filed on June 13, 2025, reflects the Debtor's thirty-three (33%) percent interest in 400 Greenwood Partnership (the "Partnership").

It is important to note that the Partnership is owned equally by three partners including the Debtor, and its sole asset is the real property located at 400 Greenwood Avenue, Wyncote, PA 19095, with a Zillow fair market value of $599,900, a principal loan balance of $701,487, and therefore has negative equity.

8. The Debtor's partnership interest passed to the Trustee as property of the estate when the instant case was filed.

9. The Partnership is currently in default on the mortgage encumbering the real property at 400 Greenwood Avenue, Wyncote, PA 19095, and the remaining partners are working to consummate a sale. The projected sale proceeds will not cover the outstanding mortgage debt and the closing costs, necessitating capital contributions from the Debtor's other partners. Accordingly, the sale will yield negative net proceeds, and will be of inconsequential value or benefit to the estate.

10. The title company involved in the sale has informed the Debtor's other partners, and they in turn informed the Debtor, that the sale will not go through without an Order abandoning the Debtor's partnership interest.

11. The Debtor and Karalis, P.C. ("Counsel"), employed by the Trustee as counsel to the Trustee, have recently executed a settlement agreement that provides for the Trustee to retain sufficient funds from those previously supplied by the Debtor to pay out all the timely proof of claims as well as bank service fees and premiums. A Motion to Approve Compromise is currently pending to approve the agreement.

12. Given the executed agreement and pending Motion to Approve Compromise, Counsel has indicated to Debtor's Attorney that he would not object to this motion.

11. Against this backdrop, there is no need for the Trustee to retain control of the Debtor's interest in the partenership, and in order to effectuate the contemplated sale of the partnership's real property, the Debtor must obtain the return of his partnership interest presently held under the Trustee's control.

## RELIEF REQUESTED

12. The Debtor's thirty-three (33%) percent interest in 400 Greenwood Partnership is property of the bankruptcy estate pursuant to 11 U.S.C. 541(a). See, e.g., In re Arcapita Bank B.S.C.(c), 2014 Bankr. LEXIS 2237, at *6 (Bankr. S.D.N.Y. May 20, 2014) (*recognizing that "[t]he broad definition of property of the estate clearly encompasses a debtor's interest in another corporation's stock"*).

13. The Bankruptcy Code, at 11 U.S.C. § 554, governs the abandonment of property of the estate. See, e.g., In re NJ Affordable Homes Corp., 2013 Bankr. LEXIS 4798, at *171 (Bankr. D.N.J. Nov. 8, 2013). In relevant part, § 554(b) provides:

> **(b)** On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate ...

See, 11 U.S.C. § 554(b). See also, In re Anderson, 603 B.R. 564, 571 (Bankr. W.D. Va. 2019); In re Taggart, 2013 Bankr. LEXIS 421, at *1-*2 (Bankr. D.N.J. Jan. 31, 2013); Patrick A. Jackson & Elizabeth L. Gunn, Practice & Procedure: The Limits of Targeted Abandonment "to" a Secured Creditor under § 554, 29-9 ABIJ 22 (Nov. 2010).

14. Abandonment is a term of art with special meaning in the bankruptcy context. See, e.g., In re Tadayon, 2019 Bankr. LEXIS 1372, at *12 (B.A.P. 9th Cir. Apr. 29, 2019). According to one Bankruptcy Court in this Circuit:

> " ... [t]he word 'abandonment' is a term of art in this context and has special meaning. ***Once abandonment for purposes of § 554 has occurred, the property that has been abandoned no longer is property of the bankruptcy estate.*** Fields v. Bleiman (In re Fields), 267 Fed. Appx. 144, 146 (3d Cir 2008). The debtor's interest in the property is restored nunc pro tunc as of the petition date. Catalano, 279 F.3d at 685 ..." (***emphasis added***)

See, In re Jones, 396 B.R. 638, 648 (Bankr. W.D. Pa. 2008). See also, In re Pena, 600 B.R. 415, 422 (B.A.P. 9th Cir. 2019) quoting Catalano v. Comm'r of Internal Revenue, 279 F.3d 682, 685 (9th Cir. 2002) (*articulating that "[a]bandonment is the 'formal relinquishment of the property*

*at issue from the bankruptcy estate'"*); In re Shultz, 509 B.R. 190, 201 (Bankr. N.D. Ind. 2014) (*articulating that the "abandonment provisions are designed to allow the trustee to relinquish assets that would be a financial drain on the estate, or relieve the trustee of the financial burden of administering inconsequential assets that would cost more than they are worth to the estate"*).

15. A party seeking to compel abandonment pursuant to § 554(b) has the burden of proving by a preponderance of the evidence that the property at issue is burdensome to the estate or of inconsequential value or benefit to the estate. See, In re Guru Glob. Logistic, LLC, 557 B.R. 842, 844 (Bankr. W.D. Pa. 2016) citing In re Winsted Mem'l Hosp., 249 B.R. 588, 595 (Bankr. D. Conn. 2000) quoting in turn In re Paolella, 79 B.R. 607, 610 (Bankr. E.D. Pa. 1987).

16. Based upon these strictures, it is well-settled that a bankruptcy trustee should not liquidate fully encumbered assets – for such action yields no benefit to unsecured creditors. See, In re Scimeca Found., Inc., 497 B.R. 753, 781 (Bankr. E.D. Pa. 2013) citing In re K.C. Mach. & Tool Co., 816 F.2d 238, 245-46 (6th Cir. 1987). In Paolella, this Court observed the following:

> " ... [n]umerous courts have recognized that **where the estate has no equity in a property,** and the estate is to be liquidated, **abandonment will virtually always be appropriate, because no unsecured creditor could benefit from its administration.** In re Cunningham, 48 B.R. 509 (Bankr. M.D. Tenn. 1985); Matter of Karl A. Neise, Inc., 31 B.R. 409 (Bankr. S.D. Fla. 1983); In re Anspach, 13 B.R. 208 (Bankr. E.D. Pa. 1981); In re Brannan, 5 B.R. 505 (D.V.I. 1980). See also In re Air Vermont, Inc., 41 B.R. 486 (Bankr. D. Vt. 1984).
>
> These decisions make clear that proof that an estate lacks equity in property sets forth at least a prima facie case that the property is of inconsequential value and benefit to the estate ..." (***emphasis added***)

See, Paolella, supra, 79 B.R. at 609-10. See also, In re Lan Assocs. XI, L.P., 192 F.3d 109, 119 (3rd Cir. 1999) (*acknowledging that "Courts are in agreement that fully encumbered assets are unlikely to benefit the estate, and ... are not likely to be justifiably administered" and that, "if no estate benefit is anticipated, then the proper course of action is to abandon the property"*); In re Sunbum5 Enters., LLC, 2011 U.S. Dist. LEXIS 113295, at *31 (M.D. Fla. Sep. 30, 2011)

(*acknowledging that "the recognized purpose of § 554(b) – which allows parties in interest to move for abandonment – is to prevent trustees from unnecessarily administering assets that bring no value to the estate and to thwart the practice of trustees increasing their own commissions by not abandoning valueless property on their own"*); In re S. Parish Oil Co., 1993 U.S. Dist. LEXIS 5551, at *5-*6 (E.D. La. Apr. 20, 1993) (*acknowledging that the "[a]bandonment provisions allow the trustee to relinquish assets that would be a financial drain on the estate, or alternatively, to relieve the trustee of the financial burden of administering inconsequential assets that would cost more than they are worth to the estate"*); In re Bird, 577 B.R. 365, 378 (B.A.P. 10th Cir. 2017) (*acknowledging that "[a] trustee may sell assets only if the sale will result in a meaningful distribution to creditors" and that "[i]n evaluating whether an asset has equity, the trustee must determine whether there are valid liens against the asset and whether the value of the asset exceeds the liens"*); In re All Island Truck Leasing Corp., 546 B.R. 522, 533 (Bankr. E.D.N.Y. 2016) quoting U.S. Dept. of Justice, Handbook for Chapter 7 Trustees, at p. 4.14. (2012) (*same as Bird*); In re Christensen, 561 B.R. 195, 204 (Bankr. D. Utah 2016) quoting In re KVN Corp., 514 B.R. 1, 5 (B.A.P. 9th Cir. 2014) citing in turn In re Pauline, 119 B.R. 727, 728 (B.A.P. 9th Cir. 1990) (*acknowledging that "'[i]t is universally recognized ... that the sale of a fully encumbered asset is generally prohibited'" and therefore, "[i]f property is to be sold, there should be equity in it"*); NJ Affordable Homes, supra, 2013 Bankr. LEXIS 4798, at *174 quoting U.S. Dept. of Justice, Handbook for Chapter 7 Trustees, at § 8-3 (2006) and 2 U.S. TRUSTEE MANUAL § 2.5.4 (2000) (*acknowledging that a "'trustee should immediately abandon fully secured property or uninsured property of no value to the estate'"*).

17.     Based upon these strictures, it is clear that the Debtor's thirty-three (33%) percent interest in the Partnership must be abandoned immediately. The reasoning behind this contention is simple. The Partnership is an entity whose sole asset is fully encumbered by a valid, enforceable, properly perfected, first priority and unavoidable lien.

18. As a result, the property interest at issue here has no value. This conclusion is supported by the fact that the Partnership's property will be sold for negative net proceeds and the other partners will contribute personal capital to make up the difference.

19. The Debtor's Partnership interest therefore is a financial drain and removing it from the estate would relieve the Trustee of the financial burden of administering an inconsequential asset that would cost more than it is worth to the estate. On top of that, the agreement (or Compromise) currently pending approval by this Court obviates the need for the Trustee to administer the asset in question entirely.

20. In short, there is no real value whatsoever of the Debtor's thirty-three (33%) percent interest in the Partnership and any claim to the contrary is speculative at best.

21. All in all, the Debtor's thirty-three (33%) percent interest in the Partnership must be completely abandoned by the Trustee.

**[INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Debtor respectfully requests that this Honorable Court grant the relief requested in the Motion and for such other and further relief as this Court deems just and proper.

Dated: November 18, 2025

CIBIK LAW, P.C.
*Counsel for Debtor*

By: /s/ Michael A. Cibik
Michael A. Cibik (#23110)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com